ginia, upon a capias ad satisfaciendum issued from the circuit court of the United States, for the district of Virginia. The marshal committed him to the custody of C. Turner, town-sergeant of Alexandria, on the 19th of April, 1800. The condition of the bond was that S. Stephens should remain in and not depart from the said prison rules and bounds as laid out, &c., "until discharged by due course of law." The defendant Thomas pleaded that Stephens was discharged by a warrant from two of the aldermen of Alexandria, directed to the town-sergeant, &c. General demurrer and rejoinder.

THE COURT (THRUSTON, Circuit Judge, absent) adjudged the plea to be bad, it not being a discharge by due course of law. The aldermen of Alexandria not having jurisdiction to discharge a prisoner committed in execution under a process from the circuit court of the United States. See Act Cong. May 28, 1796 (1 Stat. 482).

---

## Case No. 7,915.

### KNOX v. WALTON et al.

[2 Wash. C. C. 507.][1]

Circuit Court, D. Pennsylvania. Jan., 1811.

REFEREE'S REPORT—PLAIN AND PALPABLE MISTAKE.

A report of referees, made under an order of court, set aside, because of a plain and palpable mistake as to matters of fact, appearing by the evidence of the referees.

In this case [Knox against Walton and Caman], which came on upon exceptions to the report of referees under an order of the court, the report was set aside, upon the ground of a plain and palpable mistake of the referees as to matters of fact. The mistake appeared by the examination of the referees themselves.

---

## Case No. 7,916.

### In re KOCH.

[1 N. B. R. 549 (Quarto, 153); 1 Am. Law T. Rep. Bankr. 121; 15 Pittsb. Leg. J. 531.][2]

District Court, N. D. New York. Dec., 1868.

BANKRUPTCY — EXAMINATION OF BANKRUPT — FRAUDULENT REPRESENTATIONS — CRIMINATING ANSWERS — RIGHT OF BANKRUPT TO REFUSE TO ANSWER.

1. A bankrupt on his examination before the register, may be examined to show that the debt to the examining creditor was fraudulently contracted.

2. The bankrupt may decline to answer, if by so doing he would criminate himself.

3. The register cannot make any binding decision, or compel a witness to answer, if he refuses.

[Cited in Re Bond, Case No. 1,618.]

4. The register must report the testimony, if required.

In this case, certain creditors of the bankrupt [Jacob A. Koch] having obtained an order for his examination before Mr. Register Husbands, at Rochester, the counsel for the creditors asked the bankrupt this question: "State whether or not, on your purchase of goods of O. & M., in November, 1864, you made any representations to them of, or concerning, your pecuniary condition at that time?" The counsel for the creditors offered to show, by the bankrupt, that this debt was fraudulently contracted by him. The counsel for the creditor objected that it was not competent to show that any debt was fraudulently contracted; that such fraud would merely make the discharge of the bankrupt inoperative as to the specific debt, but would not tend to defeat or prevent his discharge; and also claimed that the bankrupt was excused from testifying on that subject.

The questions raised were certified for the opinion of the court.

"First. Can a bankrupt on his examination before a register, be examined to show that the debt to the creditor making the examination, was fraudulently contracted?"

HALL, District Judge. "In disposing of this question, I proceed on the ground that the creditor has a right to examine the debtor in order to determine whether he can prove, by his testimony, and otherwise, the fraud, charged. If he can, he may decline to prove his debt, but if the bankrupt denies the fraud, and the creditor cannot otherwise prove it, the creditor's interest may require him to prove his debt. I think the creditor is entitled to examine as to any matter which may be material in determining his conduct in respect to the proof of his debt, or the proceedings in bankruptcy."

"Second. If he may, is he bound to answer, or may he, as a personal privilege, decline to answer?"

"Yes, if to answer would criminate himself."

"Third. Has the register authority to decide questions as to the admissibility of evidence on such examinations, subject to exceptions under rule 17; or must he take the testimony subject to objections and report it to the court according to general order 10?"

"I do not understand that the register can make any binding decision, or compel a witness to answer if the witness refuses."

"Fourth. If the register may so decide, and sustains an objection, how can the testimony be presented to the court, if the court should deem it proper testimony; and if he cannot so decide must he take everything called for by counsel on the examination?"

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Reprinted from 1 N. B. R. 549 (Quarto, 153), by permission. 1 Am. Law T. Rep. Bankr. 121, contains only a partial report.]

"The register should, I think, take and report the testimony if required, notwithstanding his decision."

KOCH (DUNCAN v.). See Case No. 4,136.

## Case No. 7,917.

### KOCH v. OREGON STEAMSHIP CO.

[The case reported under above title in 2 Am. L. Times Rep. (N. S.) 381; 7 Chi. Leg. News, 347; 2 Cent. Law J. 473; and 21 Int. Rev. Rec. 237,—is the same as Case No. 10,572.]

KOCH (THURSTON v.). See Case No. 14,016.

KOCHERSPERGER (UNITED STATES v.). See Case No. 15,541.

KOELLA (BARRETT v.). See Case No. 1,048.

## Case No. 7,918.

### In re KOHLSAAT.

[18 N. B. R. 570.] [1]

District Court, S. D. New York. Dec. 30, 1878.

BANKRUPTCY—VALIDITY OF ATTACHMENT OF MONEY PAYABLE UNDER COMPOSITION — SPECIFIC LIEN ON FUND—COMPOSITION, HOW AVOIDED.

1. Moneys payable under a composition cannot be reached by attachment or their payment obstructed by proceedings of another court, the object of which is to withhold the fund from the creditor entitled thereto for the security of a plaintiff pending the litigation.

[Cited in Re Chisholm, 4 Fed. 527.]

2. Except in a case where the plaintiff in an action against the creditors claims title to or a specific lien upon the fund in question, or has procured the appointment of a receiver who has succeeded to the creditor's title, the bankrupt court cannot be asked to suspend or deny the right of the creditor to receive his composition.

3. A delay in the payment of the composition notes, occasioned by legal or other difficulties, will not ipso facto avoid the composition; nor will a failure to pay one of the creditors, according to the terms of the resolution, work a forfeiture of the bankrupt's rights under the composition as to those creditors to whom payment has been punctually made.

In bankruptcy.

James H. Fay, for motion.
Charles Wehle, opposed.

CHOATE, [District Judge.] This is an application for the appointment of a receiver of certain moneys payable to three of the creditors of the alleged bankrupts under a composition which has been confirmed, and for an injunction against the payment of such composition to the creditors. The facts are these:

The firm of J. C. Kohlsaat & Sons owed one Milton, the petitioner, about thirty-four thousand dollars for money lent. The bankrupts, composing the firm of J. C. Kohlsaat's Sons, succeeded to the business of the firm of J. C.

Kohlsaat & Sons, and assumed their debts; among which was this debt to Milton. Milton, claiming to hold the estate of John C. Kohlsaat as collaterally liable for the same debt, notwithstanding the assumption of the debt by the new firm and his assent thereto, has commenced an action in a state court against the two bankrupts as executors of John C. Kohlsaat and against the three creditors of the bankrupt above referred to, who are alleged to be legatees and of the next of kin of John C. Kohlsaat; and in that suit he alleges that certain notes given by the bankrupts to these three creditors were executed and received for portions of their distribution shares in the estate of said John C. Kohlsaat, or for portions of their legacies under his will, the same having been given to them by the bankrupts in pursuance of the conditions on which the bankrupts took the estate of the said John C. Kohlsaat under his will. These same notes are the claims which these creditors have proved against the bankrupts, and the composition notes for thirty-three and a third per cent. thereof have been given to them in pursuance of the terms of the composition. The complaint prays judgment for an account by these three creditors as legatees and next of kin for all portions of the estate received by them and for payment thereof, also for an injunction against the bankrupts to prevent the payment of the composition notes to these creditors until said debt due the plaintiff is paid, and for payment thereof to the plaintiff. Milton, in his affidavit, swears that the fund which in that suit is secured by injunction will, he believes, be imperilled by the payment of the composition notes to these creditors. Both Milton and the three creditors have proved their claims, and are entitled as creditors to share in the composition. An application has been made to the state court for the appointment of a receiver, which is undetermined. The first composition notes fall due December 31, 1878. On this case I think the application must be denied. If it be assumed that Milton has good grounds for claiming that the estate of John C. Kohlsaat is not released by what has taken place, and that he also may in equity treat the composition notes held by these creditors as portions of their distribution shares or legacies under the will of John C. Kohlsaat—questions for the state court in that case exclusively to decide—yet there seems no good reason why this court should actively interfere by a receiver and injunction to aid him in securing his debt as against these legatees or next of kin. In general, dividends payable by an assignee, and moneys payable under an order of court cannot be reached by attachment, nor can their payment at the time and to the persons designated by the order of the court be prevented by a state court. In re Bridgman [Case No. 1,867]; Colby v. Coates, 6 Cush. 558, and cases cited.

Payments to creditors under a composition